IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE GENE DUNSON,

    Petitioner,

v.

JOHN E. WETZEL, Secretary of
Pennsylvania Department of
Corrections and LAWRENCE
MAHALLY, Superintendent of the
State Correctional Institution at
Dallas,

    Respondents.

14cv1178
**ELECTRONICALLY FILED**

**ORDER OF COURT**

Before the Court is Petitioner's Motion for Relief from Judgment, ECF 31, filed in accordance with Fed.R.Civ.P. 60. On July 22, 20015 this Court issued an Opinion and Order denying Petitioner's Petition for Writ of Habeus Corpus. ECF 27, ECF 28. As a result, this case was marked "closed" by the Clerk of Court on July 23, 2015. Since that time there has been no activity on the docket other than the entry of a receipt from the Director of Court Records, Criminal Division Allegheny County, on October 13, 2017. ECF 30.

Under Rule 60(c), a person, such as Petitioner, must file his Motion for Relief from Judgment "within a reasonable time." If Petitioner's Motion is based on: (1) mistake inadvertence, surprise or excusable neglect, (2) newly discovered evidence, or (3) fraud, misrepresentation, or misconduct by the opposing party, the Motion must be filed "no more than a year" from the date the Judgment was entered. Fed.R.Civ.P.60(b) and Fed.R.Civ.P. 60(c)(1).

Turning to Petitioner's request for Relief from Judgment (ECF 31), it is clear that he is well past the one-year deadline to file such a petition, assuming it is predicated upon: (1) mistake, (2) newly discovered evidence, or (3) fraud.  Thus, to the extent that Petitioner's request is predicated on any of these bases, he is clearly time-barred by Rule 60(c)(1).

In addition, Petitioner does not argue that this Court may relieve him of the Judgment because the Judgment is void (Pa.R.Civ.P. 60(b)(4)), nor has there been any satisfaction, discharge, or release of the prior judgment in accordance with Pa.R.Civ.P. 60(b)(5).  Although Rule 60 allows Petitioner to also raise "any other reason that justifies relief[,]" (Pa.R.Civ.P.60(b)(6)), Petitioner failed to do so in his Petition.  The grounds Petitioner proffers merely rehash the content of his prior Habeus petition filed at ECF 4.  Even if this Court were to construe this instant Petition to be a Motion for Reconsideration of the denial of the Habeus Petition, it too would be time-barred.  Thus, Petitioner's Petition for Relief from Judgment will be denied.

**ORDER**

AND NOW, this 3rd day of October, 2019, upon review and careful consideration of the Petitioner's Petition for Relief from Judgment (ECF 31), the Court hereby DENIES the Petition.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:   All Registered ECF Counsel and Parties
       and
     Dale Gene Dunson
     JH-2710
     SCI Dallas
     1000 Follies Road
     Dallas, PA 18612